IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VISION WARRIORS CHURCH, INC., | |
| **Plaintiff,** | CIVIL ACTION FILE |
| v. | NO. 1:19-CV-3205-MHC |
| CHEROKEE COUNTY, GEORGIA; HARRY JOHNSTON, STEVE WEST, RAY GUNNIN, BENNY CARTER, and COREY RAGSDALE, Individually and in their Official Capacities as Members of the CHEROKEE COUNTY BOARD OF COMMISSIONERS; and MICHAEL CHAPMAN, Individually and in his Official Capacity as Cherokee County Zoning Manager, | |
| **Defendants.** | |

## ORDER

This case comes before the Court on Plaintiff Vision Warriors Church, Inc.'s

Motion to Stay Enforcement of the Order of Summary Judgment Pending Appeal

("Pl.'s Mot. to Stay") [Doc. 146].

## I.    BACKGROUND

On February 17, 2022, this Court issued an Order denying Plaintiff's Motion for Partial Summary Judgment [Doc. 104] and granting Defendants' Motion for Summary Judgment [Doc. 105].  February 17, 2022, Order [Doc. 132].  The effect of the Court's Order was to deny Plaintiff's request to enjoin the rescission of a Tenant Occupancy Permit previously issued by Cherokee County (the "County"), resulting in the inability of Plaintiff to operate a temporary shelter on property previously acquired by Plaintiff (the "Property").  Judgment was entered in favor of Defendants on February 17, 2022 [Doc. 133].

Plaintiff filed a Notice of Appeal to the United States Court of Appeals for the Eleventh Circuit on March 3, 2022.  Pl.'s Notice of Appeal [Doc. 135].  Under Rule 62(a) of the Federal Rules of Civil Procedure, "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise." FED. R. CIV. P. 62(a).  Plaintiff did not file a motion seeking an additional period of time for a stay of the Court's judgment either during the 30-day automatic stay period or at its termination on March 20, 2022.

On April 21, 2022, Plaintiff filed the motion to stay now before the Court.  Pl.'s Mot. to Stay.  Plaintiff's Motion to Stay is filed "[p]ursuant to Fed. R. Civ. P. 62(c)," and is predicated on a letter (the "Letter") received from counsel for

Defendants indicating that the Board of Commissioners of Cherokee County

"continues to expect full compliance with the Zoning Ordinance," which would

include "the relocation of members currently residing on the Subject Property." Id.

at 2 n.1.[1]  Plaintiff asserts that it is likely to succeed on the merits of its appeal, it

will suffer irreparable harm absent the issuance of a stay, and the public interest

favors a stay pending appeal. Id. at 3-25.

Defendants oppose Plaintiff's motion to stay, contending that "overcrowding

and zoning violations" continue to occur at the Property "to the detriment of the

neighborhood and County." Defs.' Resp. in Opp'n to Pl.'s Mot. to Stay [Doc. 150]

at 2.  Defendants assert that there is a separate lawsuit filed by the Cherokee

County Board of Health against Plaintiff based upon a defective sewage septic

system that is causing harm to the public health.  Id. at 4 (citing Cherokee Cnty Bd.

of Health v. Vision Warriors Church, Inc., No. 21CVE1635 (Super. Ct. of

Cherokee Cnty. Sept. 15, 2021) [Doc. 150-1]).  Defendants also assert that it

appears Plaintiff is seeking a stay under Rule 62(d) of the Federal Rules of Civil

---

[1] Plaintiff's Motion to Stay does not attach the Letter.  Defendants acknowledge
sending the Letter, which had an original deadline of May 31, 2022, but out of
respect for the Court's consideration of Plaintiff's Motion to Stay, the County has
postponed enforcement pending this Court's determination.  See Defs.' Status
Report [Doc. 157].

Procedure, and that Plaintiff has failed to meet the required factors to support the issuance of such a discretionary stay. Id. at 5-14. In particular, with respect to the required showing of irreparable harm, Defendants state that Plaintiff's principal has previously testified that current residents could be relocated to another location in the event they could no longer be housed on the Property. Id. at 12.

In reply, Plaintiff now states that it seeks a stay under Rule 62(d). Reply in Supp. of Pl.'s Mot. to Stay [Doc. 151] at 1. Plaintiff also disputes that it can now relocate residents of the temporary shelter and contends that the septic system defect has now been resolved. Id. at 2-4 (citing Decl. of Kirk Driskell (May 12, 2022) ("Driskell Decl.") [Doc. 151-1]).

## II.   DISCUSSION

As an initial matter, the Court assumes Plaintiff's initial reference to Rule 62(c) of the Federal Rules of Civil Procedure was in error as that rule provides that certain actions are not stayed, even after an appeal is taken. Federal Rule of Civil Procedure 62(d) governs the granting of a stay of an injunction pending appeal and provides in relevant part:

> While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.

4

FED. R. CIV. P. 62(d).  "A stay is not a matter of right, even if irreparable injury might otherwise result." Nken v. Holder, 556 U.S. 418, 434 (2009) (quoting Virginian Ry. Co. v. United States, 272 U.S. 658, 672 (1926)).  "It is instead an exercise of judicial discretion, and the propriety of its issu[ance] is dependent upon the circumstances of the particular case." Id. (internal punctuation and citation omitted).

In reviewing a motion to stay an injunction pending appeal, a court must consider "(1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits, (2) whether the applicant will be irreparably injured absent a stay, (3) whether [the] issuance of the stay will substantially injure the other parties interested in the proceeding, and (4) where the public interest lies." Democratic Exec. Com. of Fla. v. Lee, 915 F.3d 1312, 1317 (11th Cir. 2019) (citing Nken, 556 U.S. at 434).  The movant bears a "heavy burden" and "must establish each of these four elements in order to prevail." Larios v. Cox, 305 F. Supp. 2d 1335, 1336 (N.D. Ga. 2004) (citing Siegel v. Lepore, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc)); see also Nken, 556 U.S. at 433-34 ("The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.").  The first two factors "are the most critical." Nken, 556 U.S. at 434; Lee, 915 F.3d at 1317.  "It is not enough that the chance of

success on the merits be better than negligible . . . . By the same token, simply

showing some possibility of irreparable injury . . . fails to satisfy the second

factor." Nken, 556 U.S. at 434-35 (citations and internal quotation marks omitted).

After review of the four factors, the Court concludes that Plaintiff has not

shown that a stay of the injunction pending appeal is warranted.

### A.     Plaintiff is Not Likely to Succeed on the Merits of Its Appeal.

Plaintiff's argument that it is likely to succeed on appeal is essentially a

repetition of the arguments it asserted at summary judgment, with Plaintiff even

citing directly to its previous Summary Judgment pleadings within the underlying

motion. See Pl.'s Mot. to Stay at 4-20; see also id. at 4 n.2 ("Plaintiff relies upon

its Motion for Summary Judgment and supporting memorandum . . . and its

Response in Opposition to Defendants' Motion for Summary Judgment . . . to

support the arguments made herein."). Despite Plaintiff's assertion to the contrary,

the Court considered all the evidence in the record at summary judgment, and the

Court concluded that Plaintiff's claims are not supported by the evidence. See,

e.g., February 17, 2022, Order at 20-28 (considering each of Plaintiff's arguments

made at summary judgment and finding the evidence insufficient to create a

genuine dispute of material fact as to intentional discrimination), 35-36 (finding

insufficient evidence that Plaintiff's request to house a group of its size in one

location contributes significantly to recovery), 37-38 (considering the testimony of Kirk Driskell ("Driskell"), the founder of Vision Warriors, regarding lowered costs of living for residents, but finding that Driskell's testimony alone was insufficient to demonstrate the necessity of the requested accommodation), 41 (dismissing Plaintiff's equal protection claim because it "ha[d] not provided any evidence that Defendants were aware of Happy Acres's use of the Property to house missionaries."). While the Court is sympathetic to Plaintiff's position, none of Plaintiff's arguments are novel, and it has not provided authority contrary to this Court's prior findings or otherwise indicating that it is likely to succeed on the merits of its appeal. For the same reasons discussed at length in this Court's February 17, 2022, Order, the Court rejects Plaintiff's arguments repeated in its motion to stay and finds that the factor of likelihood of success weighs against Plaintiff. Moreover, even if Plaintiff was likely to succeed on the merits of its appeal, the remaining three factors weigh against the grant of a stay, as explained below.

**B.     Plaintiff Has Not Provided Evidence of Irreparable Injury.**

Plaintiff argues that permitting enforcement of this Court's February 17, 2022, Order would cause irreparable harm because Plaintiff would "be forced to close its doors effectively rendering it inoperable" and that "[i]ts members'

recovery will be disrupted, causing the potential for relapse, and they will be forced to find another program – one that will likely cost much more and be located further from family and current jobs." Pl.'s Mot. to Stay at 23.  The problem with Plaintiff's argument is that it lacks any supporting evidence. Deposition testimony from Driskell indicates that Plaintiff previously "held all of [its] other locations at no more than 50 percent capacity" in order to avoid displacing residents if Defendants prevailed in the zoning dispute.  Dep. of Timothy Kirk Driskell (Mar. 26, 2021) [Doc. 111] at 323.  Although Driskell also testified that Plaintiff did not hold those spots open indefinitely, his deposition occurred over a year ago.  Id. at 324.  Thus, it is not apparent from Driskell's testimony what impact allowing enforcement of this Court's February 17, 2022, Order would presently have on Plaintiff's program members.

As the party requesting a stay, Plaintiff bears the burden of providing evidence of irreparable harm.  See Larios, 305 F. Supp. 2d at 1336.  The Supreme Court has emphasized that the irreparable harm requirement is exceedingly high; indeed, in Nken, the Supreme Court went so far as to say that an alien resisting deportation had not shown irreparable harm when seeking a stay pending appeal of an order of removal.  Nken, 556 U.S. at 435.  Because Plaintiff has not provided

any affidavit or other evidence supporting the claims of irreparable harm asserted in its motion to stay, this factor weighs in favor of Defendants.

### C.   Plaintiff Has Not Proven a Lack of Injury to the County or that Granting a Stay Is in the Public Interest.

The final two factors in assessing a requested stay under Rule 62(d) are whether a stay would injure the opposing party and where the public interest lies. Lee, 915 F.3d at 1317.  "These factors merge when the Government is the opposing party."  Nken, 556 U.S. at 435.

Plaintiff argues that public policy weighs in favor of issuing a stay because granting the stay would permit continued treatment of alcoholics and decrease the likelihood of homelessness while Defendants would suffer no identifiable harm. Pl.'s Mot. to Stay at 23-25.  Plaintiff also argues that the lack of identifiable harm to Defendants is evidenced by a lack of harm sustained from Happy Acres's thirty years of use of the Property for substantially similar activity.  In support of its arguments, Plaintiff asserts that "'it is the policy of the United States to provide, within constitutional limitations, for fair housing throughout the United States.'" Id. at 24 (quoting 42 U.S.C. § 3601).  Although this citation is correct, Plaintiff does not explain how enforcement of this Court's February 17, 2022, Order, which expressly found that there was no evidence of a violation of the Fair Housing Act, would run contrary to the stated policy.

"Regulation of land use is perhaps the quintessential state activity.  State and local officials have experience in these areas and know best the needs of their citizenry."  Schwarz v. City of Treasure Island, 544 F.3d 1201, 1223 (11th Cir. 2008) (punctuation and citation omitted).  Plaintiff has provided no support for the proposition that Defendants' opposition to Plaintiff's proposed use of the Property is contrary to public policy or not reflective of the general needs and desires of the citizens of Cherokee County.[2]  This Court declines to substitute Plaintiff's unsupported interpretation of the public interest over the interpretation of Cherokee County's elected officials.  Plaintiff has not met its burden of showing that the public interest weighs in favor of granting a stay, and the Court finds that the final two factors also weigh in favor of denying Plaintiff's Motion to Stay.

## III.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff Vision Warriors Church, Inc. ("Vision Warriors")'s Motion to Stay Enforcement of the

---

[2] The Court does, however, find that Plaintiff has provided sufficient evidence to refute Defendants' assertion that Plaintiff's use of the Property will overburden the sewer and septic facilities in the area.  See Driskell Decl. ¶¶ 7-9.

Order of Summary Judgment Pending Appeal [Doc. 146] is **DENIED**.

**IT IS SO ORDERED** this 25ᵗʰ day of July, 2022.

MARK H. COHEN
United States District Judge