IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VISION WARRIORS CHURCH, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHEROKEE COUNTY, GEORGIA; HARRY JOHNSTON, STEVE WEST, RAY GUNNIN, BENNY CARTER, and COREY RAGSDALE, Individually and in their Official Capacities as Members of the CHEROKEE COUNTY BOARD OF COMMISSIONERS; and MICHAEL CHAPMAN, Individually and in his Official Capacity as Cherokee County Zoning Manager, <br><br> Defendants. | CIVIL ACTION FILE <br><br> NO. 1:19-CV-3205-MHC |

## ORDER

On February 17, 2022, this Court issued an Order denying Plaintiff's Motion for Partial Summary Judgment [Doc. 104] and granting Defendants' Motion for Summary Judgment [Doc. 105]. February 17, 2022, Order [Doc. 132]. Judgment was entered in favor of Defendants on February 17, 2022 [Doc. 133].

Plaintiff filed a Notice of Appeal of this Court's Order to the United States Court of Appeals for the Eleventh Circuit on March 3, 2022. Pl.'s Notice of Appeal [Doc. 135]. That same day, Defendants filed a Motion for Attorney's Fees [Doc. 134].

"[D]eferring ruling on a motion for attorney's fees and costs pending an appeal is a matter within the court's discretion, and courts will defer ruling in the interests of judicial economy." Truesdell v. Thomas, No: 5:13–cv–552–Oc–10PRL, 2016 WL 7049252, at *2 (M.D. Fla. Dec. 5, 2016). See also Nat'l Farmers' Org., Inc. v. Associated Milk Producers, Inc., 850 F.2d 1286, 1312 (8th Cir. 1989) ("Thus, rather than undertaking the time-consuming task of determining a reasonable attorney's fee, only to see the effort overturned on appeal, the district court wisely deferred ruling on attorney's fees and costs pending appeal") (citations omitted); FED. R. CIV. P. 54(d) Advisory Committee Note to 1993 Amendment ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved").

It does not appear that consideration of the appeal would be better informed if accompanied by a decision on attorney's fees. Instead, the outcome of the appeal may affect the Court's consideration of Defendant's motion. Accordingly, to conserve judicial resources and avoid addressing attorney's fees in piecemeal fashion, the Court will deny the motion without prejudice. See Cross v. EquityExperts.org, LLC, No. 1:17-CV-03804-AT, 2020 WL 11191758, at *2 (N.D. Ga. Aug. 3, 2020) (denying without prejudice motion for attorney's fees until after resolution of appeal on the merits).

Consequently, it is hereby **ORDERED** that Defendants' Motion for Attorney's Fees [Doc. 134] is **DENIED WITHOUT PREJUDICE**. Defendants may refile their motion for attorney's fees, if appropriate, within twenty (20) days of the date the Eleventh Circuit Court of Appeals issues its mandate on the pending appeal. The parties are directed to confer in a good faith effort to resolve the issue of fees prior to the filing of any such motion.

It is further **ORDERED** that Plaintiff's Motion to Strike New Evidence Submitted With Defendant's Reply Brief in Support of Motion for Attorney's Fees

[Doc. 147] and Defendants' Motion to Extend Deadline to File Itemization of Attorney's Fees [Doc. 148] are **DENIED AS MOOT**.

**IT IS SO ORDERED** this 23rd day of August, 2022.

_____
MARK H. COHEN
United States District Judge